UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANS-NET, INC., <br>     *Plaintiff*, <br> <br> v. <br> <br> JOHN M. CRAWLEY, *et al.*, <br>     *Defendants.* | § § § § § § § § § | CIVIL ACTION H-08-164 |

## ORDER

Pending before the court are defendants John M. Crawley and Crawley LLC's motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 7. Upon consideration of the motion, response, reply, and the applicable law, the motion is DENIED.

## BACKGROUND

In 2004, Trans-Net Inc. ("TNI") hired Crawley to assist in the development of a transportation and logistics service business for the hospitality industry. Dkt. 1. Crawley had primary responsibility for sales and shared responsibility for the hotel and hospitality segment of the business. *Id.* In 2006, Crawley indicated a desire to launch his own independent company. *Id.* TNI and Crawley began negotiations regarding the division of the hospitality business which they had jointly developed. *Id.* In February 2007, TNI and Crawley entered into a "Reorganization and Indemnity Agreement" ("Agreement"). *Id.*

In January 2008, claiming diversity jurisdiction under 28 U.S.C. § 1332, TNI filed suit in the Southern District of Texas alleging that Crawley and his company Crawley LLC (collectively, "Crawley") breached the Agreement. *Id.* TNI claims that Crawley breached section 2.4 of the

Agreement by failing to use all reasonable efforts to direct to TNI the domestic business of Crawley's customers. *Id.* TNI also alleges that Crawley breached section 3.1 of the Agreement by failing to pay full commissions on gross revenues received from specific hospitality customers. *Id.* TNI further claims that Crawley interfered with TNI's business relations and disparaged TNI's services and pricing to potential customers, thus breaching section 6 of the Agreement. *Id.* Additionally, TNI contends that Crawley's actions have caused irreparable injury to TNI's business reputation and customer relations. *Id.* Crawley denies all allegations. Crawley now moves the court to dismiss the action for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 7.

## SUBJECT-MATTER JURISDICTION

TNI predicated federal subject-matter jurisdiction on diversity under 28 U.S.C. § 1332. The statute reads in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States. . . .

28 U.S.C. § 1332(a). Crawley argues that the amount in controversy does not satisfy the jurisdictional minimum necessary to support subject-matter jurisdiction. Dkt. 7. To determine the amount in controversy, the court looks to "the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *see also Nat'l Union Fire Ins. Co. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992). In order "[f]or a federal court to decline diversity jurisdiction on the basis that the amount in controversy is inadequate, it must appear to a legal certainty that the claim is for less than the jurisdictional amount." *Liberty Surplus Ins. Corp. v. Slick Willie's*, No. 07-706, 2007 WL

2

1795860, *3 (S.D. Tex. June 21, 2007) (citing *Grant v. ChevronPhillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586 (1938). In this case, TNI avers actual damages in excess of the jurisdictional minimum. Dkt. 1. TNI's assertions are sufficient to support diversity jurisdiction. It is reasonable to assume that, based on the alleged breaches of the Agreement, the amount in controversy exceeds the jurisdictional minimum.[1] Therefore, the motion to dismiss for lack of subject-matter jurisdiction is DENIED.

### FAILURE TO STATE A CLAIM

Crawley next moves for a motion to dismiss fo failure to state a claim on which relief may be granted. The Fifth Circuit has "observ[ed] that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 (1969)). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser*, 677 F.2d at 1050. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation

---

[1] Crawley argues that TNI's complaint lacks factual support to justify the amount in controversy. Dkt. 7. However, this argument has no bearing on whether the minimum amount in controversy has been adequately pled. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003 (1998) ("Jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." (citations and internal punctuation omitted)).

to provide the 'grounds' of his 'entitle[ment] of relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation of recovery).

The complaint alleges that TNI and Crawley entered into the Agreement.  Dkt. 1.  Crawley acknowledges the validity of the Agreement.  Dkt. 2.  TNI also alleges that Crawley breached the Agreement and provides multiple factual allegations to support its claims.[2]  TNI has alleged sufficient facts to state a plausible claim under Rule 12(b)(6).  Therefore, Crawley's motion to dismiss TNI's complaint for failing to state a claim is DENIED.

---

[2]  To support its claim that Crawley failed to use all reasonable efforts, TNI states that Crawley admitted, in writing, that it was referring much of its customers' domestic business to other vendors. Dkt. 1. Moreover, in alleging that Crawley has failed to pay TNI full commissions, TNI notes that Crawley has "repeated[ly] refused to disclose to TNI the backup data relied upon" to determine commissions. *Id.*

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure are DENIED.

Signed at Houston, Texas on April 7, 2008.

_____
Gray H. Miller
United States District Judge